UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22794-Civ-UNGARO/TORRES

EDWARD SANTANA,

       Plaintiff,

vs.

KENDALL CR, LLC,
d/b/a Cadillac Ranch All American
Bar & Grill,

       Defendant.
_____/

## ORDER

This matter is before the Court on Plaintiff's Motion to Compel Production of Defendant's Out of State Witnesses to Attend Depositions [D.E. 48]. The Court has reviewed the motion, the response, and the record in the case. For the reasons that follow, the motion is Denied.

    1.    Plaintiff's pending motion asks that the Court order non-party witnesses to attend their depositions in Miami, even though they live outside the State of Florida. Plaintiff does not specifically identify the names of these witnesses in his motion, but references those persons identified in Defendant's Initial Disclosures.

    2.    Plaintiff claims in fact that he was intentionally fired by out of state witnesses in an elaborate attempt by Defendant to avoid depositions in Miami. But Plaintiff has not subpoenaed such witnesses for deposition, nor does Plaintiff cite any

rule or legal basis for requiring an out of state witness, who is not an officer of Defendant, to appear in Miami for deposition.

3. Moreover, even if Plaintiff had subpoenaed an out of state witness for a deposition here, such subpoenas would be improper under Federal Rule of Civil Procedure 45(c)(1) ("[a] party ... responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena. The issuing court must enforce this duty .... "). Rule 45(c)(3)(ii) specifically provides that a witness that is not a party or corporate officer of a party is not required to travel more than 100 miles from where he or she regularly does business or resides. In certain circumstances, this Rule even applies as against party witnesses, *see Chao v. Tyson Foods, Inc.,* 255 F.R.D. 556, 558 (N.D. Ala. 2009), and even if the requesting party offers to reimburse for travel expenses, *Zimmer Enterp., Inc. v. Atlandia Imports, Inc.,* 478 F. Supp. 2d 983, 991-92 (S.D. Ohio 2007).

4. Hence, Plaintiff's attempts to require out of state, non-party witnesses to appear in Miami for deposition are not proper under the Rule. *See, e.g., Hartford Ins. Co. v. Bellsouth Telecoms., Inc.,* 2005 WL 5955692 *3 (S.D. Fla. Sept. 14, 2005); *In re Vioxx Prod. Liab. Litig.,* 414 F. Supp. 2d 574 (E.D. La. 2006).

5. That is true even in cases, like this one, involving pro se parties. Pro se parties have the same obligation to comply with the Rules of civil procedure like represented parties. *See, e.g., Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989).

6. Plaintiff here has not shown any good cause why these well-settled rules should not apply in this case or with respect to these particular witnesses. Plaintiff is

certainly entitled to seek to depose any witness by telephone as provided for in Fed. R. Civ. P. 30(b)(4), or through the use of written questions as permitted by Fed. R. Civ. P. 31.  Plaintiff cannot, however, compel these out of state witnesses to travel to Florida for the taking of their depositions in this case.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel [D.E. 48] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 14th day of December, 2011.

/s/   *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge